IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| DERRICK FAVORS, <br><br> Plaintiff, <br><br> v. <br><br> SELECT PORTFOLIO SERVICING, INC. and NATIONSCREDIT FINANCIAL SERVICES CORPORATION, <br><br> Defendants. | CIVIL ACTION FILE <br><br> No. 3:14-cv-190-TCB |

# ORDER

Plaintiff Derrick Favors filed this action for wrongful attempted foreclosure and related claims—including a request for preliminary injunctive relief—in the Superior Court of Spalding County. Before the superior court could rule on the request for a preliminary injunction, Defendants removed the action to this Court [1] and filed a motion to dismiss [4] and a motion to stay pretrial and discovery deadlines [9].

## I. Favors's Motion for a Preliminary Injunction

In order to obtain a preliminary injunction, Plaintiff must demonstrate that: (1) he has a substantial likelihood of success on the merits; (2) he will suffer actual and imminent irreparable injury if the injunction is not granted; (3) the threatened injury to Favors absent an injunction outweighs the damage to Defendants if an injunction is granted; and (4) granting the injunction would not be adverse to the public interest. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). A preliminary injunction is "an extraordinary and drastic remedy" and should be granted only when the movant carries the burden of persuasion as to each of the four prerequisites. *United States v. Jefferson County*, 720 F.2d 1511, 1518 (11th Cir. 1983).

The record before the Court does not show an entitlement to such an "extraordinary and drastic remedy." *Id.* This action was removed to this Court approximately three weeks after the date Favors alleges Defendants planned to sell his home at foreclosure. If the foreclosure sale went forward, his motion to enjoin the sale is moot. *See Montoya v. Branch Banking & Trust Co.*, No. 1:11-cv-1869-RWS, 2012 WL 826993,

at *8 n.4 (denying as moot a motion for a temporary restraining order to enjoin a foreclosure sale that already occurred). If Defendants have postponed the sale of Favors's property, that casts doubt on the likelihood that he stands to suffer actual and imminent irreparable harm absent an injunction. Because "[a] showing of irreparable injury is the sine qua non of injunctive relief," Favors's failure to establish this element makes his request for a preliminary injunction improper even if he could establish the other requisite elements. *Siegel*, 234 F.3d at 1176 (internal punctuation omitted).

Moreover, the Court has thoroughly reviewed Favors's complaint and finds that he has not established a substantial likelihood of success on the merits of his claims, for several reasons. First, many of his claims rely on the alleged invalidity of the assignment of Favors's security deed. *See, e.g.*, [1-1], ¶¶ 24, 48, 56 (void assignment as basis of claims for declaratory relief, fraud, and wrongful attempted foreclosure). Favors "was not a party to the assignment at issue," and therefor he lacks standing to "contest the assignment under Georgia law." *Muhammad v. JPMorgan Chase Bank, NA*, 567 F. App'x 851, 855

3

(11th Cir. 2014) (citing *Montgomery v. Bank of Am.*, 740 S.E.2d 434, 437-38 (Ga. Ct. App. 2013)). Furthermore, the other basis for many of Favors's claims—that Defendants failed to comply with the security deed's requirement of providing notice and right to cure default prior to accelerating the debt—is unlikely to be successful because it appears that Defendants did provide the requisite notice and right to cure. [4-7].[1]

Favors is also unlikely to prevail on his fraud claim because he has failed to plead it with the necessary specificity, averring only that "Defendants" made "false[] and fraudulent[] represent[ations]" to him "[b]eginning on or about April 24, 2010," but never identifying any specific misrepresentation, its date, or the person making it. [1-1], ¶ 47; *see* FED. R. CIV. P. 9(b) ("the circumstances constituting fraud" must be pled "with particularity"); *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (Rule 9(b) requires a plaintiff to plead the

---

[1] The referenced notice was attached as Exhibit F to Defendants' motion to dismiss. The Court finds that it is appropriate to consider that document for purposes of the instant motion because it is referenced in and central to the claims in Favors's complaint and there is no reason to doubt its authenticity. *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005).

4

precise statement made, when it was made, the person who made it, the manner in which it misled the plaintiff, and what the defendants gained by the fraud).

In conclusion, the Court finds that Favors has failed to establish at least two of the four elements that must be shown in order to obtain preliminary injunctive relief. Accordingly, his request for preliminary injunctive relief is denied.

## II. Motion to Stay Pretrial and Discovery Deadlines

As discussed above, Defendants have moved to dismiss Favors's complaint in its entirety. The Court "has broad discretion to stay discovery pending decision on a dispositive motion," *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985), and finds that the interests of judicial economy and preservation of the time and resources of the parties and the Court weigh in favor of granting the requested stay of discovery and related deadlines, including the deadlines governing the holding of a Rule 26(f) conference, the filing of a joint preliminary planning report, the submission of initial disclosures, and the commencement of discovery. Accordingly, discovery and all

related deadlines are hereby stayed until thirty days following the Court's final ruling on Defendants' motion to dismiss.

### III. Conclusion and Referral to Magistrate

For the foregoing reasons, Plaintiffs' motion for a preliminary injunction is denied and Defendants' motion to stay discovery [9] is granted. Because this action involves claims for wrongful attempted foreclosure, the Clerk is directed to refer it to the next available magistrate judge pursuant to Standing Order 14-01 and standard assignment procedures.

IT IS SO ORDERED this 11th day of March, 2015.

_____
Timothy C. Batten, Sr.
United States District Judge